IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTER SWISS TECHNOLOGIES, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| vs. ) | |
| ) | |
| ) | PLAINTIFF DEMANDS |
| COLIN RITTGERS and ) | TRIAL BY JURY |
| 1 S TECHNOLOGY SOLUTIONS, INC., ) | |
| an Illinois Corporation, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Now comes Plaintiff, INTER SWISS TECHNOLOGIES, INC., by and through its attorney, Wayne B. Giampietro, and complaining of Defendants, COLIN RITTGERS and 1 S TECHNOLOGY SOLUTIONS, INC.,, states as follows:

**PARTIES**

1. Plaintiff Inter Swiss Technologies, LLC., is a limited liability corporation organized under the laws of the State of Illinois, with its principal place of business in the City of Chicago, within this judicial district.

2. Defendant Colin Rittgers is a resident of Highland Park, Lake County, Illinois, within this District.

3. Defendant 1 S Technology Solutions, Inc., is a corporation organized under the laws of the State of Illinois, with its principal place of business in the City of Chicago, within this judicial district.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, as this cause of action arises out of violation of the Computer Fraud and Abuse Act, 18 USC 1030, et seq.

5. Venue is proper in this Court under 28 U.S.C. § 1391(a)(2). Defendant resides in this District, and the actions giving rise to these causes of action occurred within this judicial district.

## FACTS

6. INTER SWISS, LTD. was a corporation formed in 1963 as Pneutronics Corporation, changing its name to Inter Swiss, Ltd. in 1975. It has been an international leader in railway braking technology, becoming the world's foremost manufacturer and innovator of Automatic Single Car Test Devices (ASCTD) as required by various Governmental and Railway authorities.

7. From its inception, the CEO of Inter Swiss, Ltd. was James Rees.

8. Inter Swiss was the owner of numerous items of intellectual property, computer programs, designs and operating systems for the manufacture, repair and sale of railway braking devices, many of which were maintained on computers owned and located within the offices of Inter Swiss, Ltd.

9. Plaintiff INTER SWISS TECHNOLOGIES, LLC was formed for the purpose of selling the technology developed and owned by Inter Swiss Ltd. It had and continues to have the sole right to manage, sell, license and deal with the intellectual property and products of Inter Swiss, Ltd.

10. James Rees was the Manager of Inter Swiss Technologies, LLC.

11. In early 2015, James Rees became ill, requiring him to take a medical leave of absence from his duties as CEO of Inter Swiss, Ltd. and Inter Swiss Technologies, LLC.

12. His illness made it impossible for Rees to attend to the affairs of those businesses.

13. As a result of Mr. Rees' illness, he hired Defendant Colin Rittgers to act as Director of Finance and Business Development of Inter Swiss Technologies, LLC., making him the acting supervisor of all operations of that entity.

14. Rittgers was hired with the understanding that his duties were to ensure the continuity in sales and processing orders on hand, including payment of invoices and payrolls and taxes, but he did not have the authority to include designing or modifications of designs, personnel matters, capital decisions or deployment.

15. In that position, Rittgers owed a fiduciary duty to Plaintiff and its owners.

16. James Rees believed he could place his trust and confidence in Rittgers to continue the proper and profitable operation of Plaintiff for the benefit of the corporation and its owners because Rittgers was married to his daughter, and was a member of the family.

17. During the time he was employed by Plaintiff., Defendant Rittgers took possession of at least one ASUS computer which was the property of Plaintiff, as well as the software and intellectual property which existed on that computer, and delivered it to the premises of 1S Technology Solutions, Inc., a corporation owned and controlled by Rittgers, where it remains to this day.

18. In addition to purloining one of the computers owned by Plaintiff, Defendant Rittgers changed a number of passwords on the computers owned by Plaintiff, making it difficult for other employees of Plaintiff, to access the use of those computers to carry out Plaintiff's business.


19. All of these actions by Rittgers were taken surreptitiously, without notice to James Rees, the manager of Plaintiff, or to any other employees of Plaintiff.

20. Unbeknownst to the owners and staff of Plaintiff, Rittgers began operating 1 S Technology Solutions, Inc. in direct competition with Plaintiff, at the same time he was purportedly conducting Plaintiff's business.

21. During the time he acted as an employee of Plaintiff, Rittgers committed the following acts which were to the detriment of Plaintiff:

    A. Moved all information regarding Plaintiff's intellectual property to a drop box, to which he had access, but to which access was denied to all personnel of Plaintiff.

    B. Intercepted mail and email communications directed to James Rees and other employees of Plaintiff.

    C. Falsely stated to customers of Plaintiff that James Rees was no longer involved in Plaintiff.

    D. Wrote unauthorized checks from Plaintiff to himself and members of his family in an amount of approximately $80,000.00.

    E. Charged personal travel and hotel expenses to Plaintiff for personal travel for his involvement in curling matches which were of no benefit to the corporation.

    F. Mismanaged many projects of Plaintiff, which has caused untold losses of funds to Plaintiff, and damaged its reputation in the industry.

22. Once he became able to resume his duties as Manger of Plaintiff, James. Rees became aware of the misconduct of Rittgers.

23. As a result of Rittger's actions, Defendants have misappropriated to themselves business and customers belonging to Plaintiff.

24. The actions of Defendants directly interferes with the ability of Plaintiff to carry out its day to day operations.

25. Plaintiff has been damaged in an amount which cannot be fully determined at this time, but which exceeds the sum of Two Hundred Thousand Dollars ($200,000.00)

## COUNT I

## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

26. The foregoing acts of Rittgers constitute knowing access to the computers of Plaintiff without authorization, and exceeded his authorized access to those computers allowing him to obtain information from the protected computers of his employer, and further allowed him to obtain information from those computers with the intent to defraud his employer and its stockholders, all in violation of 18 U.S.C. §1030.

27. Rittgers has used the information improperly obtained from Plaintiff in the operations of 1 S Technologies, which has gained income through the improper use of the information improperly obtained from Plaintiff's computers.

WHEREFORE, Plaintiff demands judgment against Defendants for the following relief:

    A. That the Court enter its temporary restraining Order, without bond, prohibiting Defendants or anyone in concert with them from using any of the intellectual property or computer files and programs wrongfully purloined from Plaintiff.

    B. That upon hearing, the Court issue its Preliminary Injunction prohibiting Defendants or anyone in concert with them from using any of the

intellectual property or computer files and programs wrongfully purloined from Plaintiff.

      C.      That the Court declare the rights of the parties and find that Defendants have improperly acquired the intellectual property of Plaintiff.

      D.      That the Court enter its permanent injunction prohibiting Defendants and all those in concert with them from using any of the intellectual property or computer files and programs wrongfully purloined from Plaintiff.

      F.      That the Court award to Plaintiff its actual damages suffered as a direct result the wrongful conduct of defendants.

      G.      That Plaintiff be granted such other and further relief to which the Court finds that they are entitled.

## COUNT II

## VIOLATION OF ILLINOIS TRADE SECRETS ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 of Count I as paragraph 28 of this Count II.

29. The information contained on the computers of Plaintiff, constituted trade secrets as defined in the Illinois Trade Secrets Act, 765 ILCS §1065/2.

30. Rittgers knew that the information contained on the computers of Plaintiff were trade secrets.

31. In transferring to himself and 1 S TECHNOLOGY SOLUTIONS, INC., all of the information and data of Inter Swiss, Defendant Rittgers improperly acquired and misappropriated the trade secrets owned by Plaintiff, and has thereby violated the provisions of the Illinois Trade Secret Act, 765 ILCS §1065/2 and /3 and 115/4.

WHEREFORE, Plaintiff demands judgment against Defendants for the following relief:

A. That the Court enter its temporary restraining Order, without bond, prohibiting Defendants or anyone in concert with them from using any of the intellectual property or computer files and programs wrongfully purloined from Plaintiff.

B. That upon hearing, the Court issue its Preliminary Injunction prohibiting Defendants or anyone in concert with them from using any of the intellectual property or computer files and programs wrongfully purloined from Plaintiff.

C. That the Court declare the rights of the parties and find that Defendants have improperly acquired the intellectual property of Plaintiff.

D. That the Court enter its permanent injunction prohibiting Defendants and all those in concert with them from using any of the intellectual property or computer files and programs wrongfully purloined from Plaintiff.

F. That the Court award to Plaintiff its actual damages suffered as a direct result the wrongful conduct of defendants.

G. That Plaintiff be granted such other and further relief to which the Court finds it to be entitled.

## COUNT III

**VIOLATION OF DEFENDANT RITTGERS' FIDUCIARY DUTY TO PLAINTIFF**

32. Plaintiff repeats and realleges paragraphs 1 through 31 of Count II as paragraph 32 of this Count III.

33. By virtue of the position he held with Plaintiff, Rittgers owed to it a fiduciary duty of loyalty which bound him to take no action harmful to his employer.

34. The actions of Rittgers directly interfere with the ability of the Plaintiff to carry out its day to day operations, will cause it to cease its operations, and are a direct breach of Defendant's fiduciary obligations to Plaintiff.

35. Plaintiff is entitled to be made whole for the damages it has suffered as a result of the wrongful conduct of Defendants.

WHEREFORE, Plaintiff demands judgment against COLIN RITTGERS and 1 S TECHNOLOGY SOLUTIONS, INC. in an amount to be determined, but no less than Two Hundred Thousand Dollars ($200,000.00), plus its costs of suit herein.

                                                          S/Wayne B. Giampietro
                                                          Attorney for Plaintiff

Of Counsel
Poltrock & Giampietro
123 W. Madison, Suite 1300
Chicago, Illinois 60602
312-236-0606; Fax;: 312-236-9264
Attorney ID: 0947776
wgiampietro@giampietrolaw.com