**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| INTER SWISS TECHNOLOGIES, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-05016 |
| | ) | |
| COLIN RITTGERS and | ) | |
| I S TECHNOLOGY SOLUTIONS, INC. an | ) | |
| Illinois Corporation, | ) | |

Defendants.

**DEFENDANT I S TECHNOLOGY'S ANSWER TO PLAINTIFF'S**
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Defendant I S Technology Solutions Inc. ("I S Technology"), by and through its attorneys, of Robbins, Salomon & Patt, Ltd., hereby submits its Answer to the Complaint for Damages and Injunctive Relief ("Complaint") brought by Plaintiff Inter Swiss Technologies, Inc. ("Plaintiff" or "Inter Swiss") and states as follows:

## PARTIES

1. Plaintiff Inter Swiss Technologies, LLC., is a limited liability corporation organized under the laws of the State of Illinois, with its principal place of business in the City of Chicago, within this judicial district.

**ANSWER: Admit.**

2. Defendant Colin Rittgers is a resident of Highland Park, Lake County, Illinois, within this District.

**ANSWER: Admit.**

3. Defendant 1 S Technology Solutions, Inc., is a corporation organized under the laws of the State of Illinois, with its principal place of business in the City of Chicago, within this judicial district.

**ANSWER: Admit.**

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, as this cause of action arises out of violation of the Computer Fraud and Abuse Act, 18 USC 1030, et seq.

**ANSWER: Admit.**

5. Venue is proper in this Court under 28 U.S.C. § 1391(a)(2). Defendant resides in this District, and the actions giving rise to these causes of action occurred within this judicial district.

**ANSWER: Admit.**

## FACTS

6. INTER SWISS, LTD. was a corporation formed in 1963 as Pneutronics Corporation, changing its name to Inter Swiss, Ltd. in 1975. It has been an international leader in railway braking technology, becoming the world's foremost manufacturer and innovator of Automatic Single Car Test Devices (ASCTD) as required by various Governmental and Railway authorities.

**ANSWER: I S Technology is of the belief that Inter Swiss, Ltd. was previously formed as Pneutronics Corporation and I S Technology admits that Inter Swiss Ltd. manufactured Automatic Single Car Test Devises; however, I S Technology has insufficient knowledge to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint and therefore neither admits nor denies the same.**

7. From its inception, the CEO of Inter Swiss, Ltd. was James Rees.

**ANSWER: Admit.**

8. Inter Swiss was the owner of numerous items of intellectual property, computer programs, designs and operating systems for the manufacture, repair and sale of railway braking devices, many of which were maintained on computers owned and located within the offices of Inter Swiss, Ltd.

**ANSWER: I S Technology has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore neither admits nor denies**

**the same. Answering further, I S Technology is of the belief that Plaintiff was the owner of certain trademark(s) and patent(s), which may or may not have previously expired.**

9. Plaintiff INTER SWISS TECHNOLOGIES, LLC was formed for the purpose of selling the technology developed and owned by Inter Swiss Ltd. It had and continues to have the sole right to manage, sell, license and deal with the intellectual property and products of Inter Swiss, Ltd.

**ANSWER: I S Technology has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore neither admits nor denies the same.**

10. James Rees was the Manager of Inter Swiss Technologies, LLC.

**ANSWER: I S Technology admits that James Rees acted as a manager of Inter Swiss until he became incapacitated.**

11. In early 2015, James Rees became ill, requiring him to take a medical leave of absence from his duties as CEO of Inter Swiss, Ltd. and Inter Swiss Technologies, LLC.

**ANSWER: Admit.**

12. His illness made it impossible for Rees to attend to the affairs of those businesses.

**ANSWER: Admit.**

13. As a result of Mr. Rees' illness, he hired Defendant Colin Rittgers to act as Director of Finance and Business Development of Inter Swiss Technologies, LLC., making him the acting supervisor of all operations of that entity.

**ANSWER: I S Technology denies that Defendant Colin Rittgers ("Rittgers") was hired as a result of James Rees' illness. Answering further, Rittgers was hired in May of 2012, prior to Mr. Rees' illness in 2015, as referenced above. I S Technology admits the remaining allegations within paragraph 13 of the Complaint.**

14. Rittgers was hired with the understanding that his duties were to ensure the continuity in sales and processing orders on hand, including payment of invoices and payrolls and taxes, but he did not have the authority to include designing or modifications of designs, personnel matters, capital decisions or deployment.

**<u>ANSWER</u>: I S Technology admits the allegations contained within paragraph 14 to the Complaint and further answers that Rittgers first became responsible for the handling of payroll and taxes in or around the 4th fiscal quarter of 2014.**

15. In that position, Rittgers owed a fiduciary duty to Plaintiff and its owners.

**<u>ANSWER</u>: I S Technology asserts that the allegations contained in paragraph 15 of the Complaint constitute legal conclusions to which no response is required.**

16. James Rees believed he could place his trust and confidence in Rittgers to continue the proper and profitable operation of Plaintiff for the benefit of the corporation and its owners because Rittgers was married to his daughter, and was a member of the family.

**<u>ANSWER</u>: I S Technology has insufficient knowledge to form a belief as to the truth of the allegations regarding James Rees' beliefs as referenced in paragraph 16 of the Complaint and therefore neither admits nor denies the same. Answering further, I S Technology admits that Rittgers is married to James Rees' daughter and is a member of the family.**

17. During the time he was employed by Plaintiff, Defendant Rittgers took possession of at least one ASUS computer which was the property of Plaintiff, as well as the software and intellectual property which existed on that computer, and delivered it to the premises of 1S Technology Solutions, Inc., a corporation owned and controlled by Rittgers, where it remains to this day.

**<u>ANSWER</u>: I S Technology admits that Rittgers owns and controls I S Technology. Answering further, I S Technology denies that Rittgers took possession of Plaintiff's computers while Rittgers was employed by Plaintiff. I S Technology admits that one or more of its representative(s)/employee(s) took possession of at least one abandoned ASUS computer that was previously used by Plaintiff's employees; however, I S Technology has**

**insufficient knowledge to form a belief as to the truth of Plaintiff's allegation that Plaintiff's software and intellectual property existed on the ASUS computers taken and therefore neither admits nor denies the same. I S Technology admits that the computers taken by its representative(s)/employee(s) remain at I S Technology's offices and are being voluntarily turned over to counsel for Plaintiff as a part of these proceedings.**

18. In addition to purloining one of the computers owned by Plaintiff, Defendant Rittgers changed a number of passwords on the computers owned by Plaintiff, making it difficult for other employees of Plaintiff, to access the use of those computers to carry out Plaintiff's business.

**<u>ANSWER</u>: I S Technology is of the belief that prior to his departure from Inter Swiss, Rittgers had to change the passwords to James Rees's computers because he was constantly forgetting the login information to his computers due to his progressive dementia.**

19. All of these actions by Rittgers were taken surreptitiously, without notice to James Rees, the manager of Plaintiff, or to any other employees of Plaintiff.

**<u>ANSWER</u>: Deny.**

20. Unbeknownst to the owners and staff of Plaintiff, Rittgers began operating 1 S Technology Solutions, Inc. in direct competition with Plaintiff, at the same time he was purportedly conducting Plaintiff's business.

**<u>ANSWER</u>: Deny.**

21. During the time he acted as an employee of Plaintiff, Rittgers committed the following acts which were to the detriment of Plaintiff:

A. Moved all information regarding Plaintiff's intellectual property to a drop box, to which he had access, but to which access was denied to all personnel of Plaintiff.

B. Intercepted mail and email communications directed to James Rees and other employees of Plaintiff.

C. Falsely stated to customers of Plaintiff that James Rees was no longer involved in Plaintiff.

D. Wrote unauthorized checks from Plaintiff to himself and members of his family in an amount of approximately $80,000.00.

E. Charged personal travel and hotel expenses to Plaintiff for personal travel for his involvement in curling matches which were of no benefit to the corporation.

F. Mismanaged many projects of Plaintiff, which has caused untold losses of funds to Plaintiff, and damaged its reputation in the industry.

**ANSWER: I S Technology denies all allegations contained within paragraph 21 of the Complaint, including all allegations made within each and every subparagraph thereto.**

22. Once he became able to resume his duties as Manger of Plaintiff, James. Rees became aware of the misconduct of Rittgers.

**ANSWER: Deny.**

23. As a result of Rittger's actions, Defendants have misappropriated to themselves business and customers belonging to Plaintiff.

**ANSWER: Deny.**

24. The actions of Defendants directly interferes with the ability of Plaintiff to carry out its day to day operations.

**ANSWER: Deny.**

25. Plaintiff has been damaged in an amount which cannot be fully determined at this time, but which exceeds the sum of Two Hundred Thousand Dollars ($200,000.00).

**ANSWER: Deny.**

## COUNT I
## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

26. The foregoing acts of Rittgers constitute knowing access to the computers of Plaintiff without authorization, and exceeded his authorized access to those computers allowing him to obtain information from the protected computers of his employer, and further allowed him to obtain information from those computers with the intent to defraud his employer and its stockholders, all in violation of 18 U.S.C. §1030.

**ANSWER: Deny.**

27. Rittgers has used the information improperly obtained from Plaintiff in the operations of 1 S Technologies, which has gained income through the improper use of the information improperly obtained from Plaintiffs computers.

**ANSWER: Deny.**

## COUNT II
## VIOLATION OF ILLINOIS TRADE SECRETS ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 of Count I as paragraph 28 of this Count II.

**ANSWER: I S Technology repeats its answers to paragraphs 1 through 27 of Count I as its answer to paragraph 28 of the Complaint, as if fully set forth herein.**

29. The information contained on the computers of Plaintiff, constituted trade secrets as defined in the Illinois Trade Secrets Act, 765 ILCS §1065/2.

**ANSWER: I S Technology asserts that the allegations contained in paragraph 29 of the Complaint constitute legal conclusions to which no response is required.**

30. Rittgers knew that the information contained on the computers of Plaintiff were trade secrets.

**ANSWER: Deny.**

31. In transferring to himself and 1 S TECHNOLOGY SOLUTIONS, INC., all of the information and data of Inter Swiss, Defendant Rittgers improperly acquired and misappropriated the trade secrets owned by Plaintiff, and has thereby violated the provisions of the Illinois Trade Secret Act, 765 ILCS §1065/2 and /3 and 115/4.

**ANSWER: Deny.**

## COUNT III
## VIOLATION OF DEFENDANT RITTGERS' FIDUCIARY DUTY TO PLAINTIFF

32.-35. The allegations in Count III of the Complaint are not directed against Defendant I S Technology and, therefore, no answer is required.

WHEREFORE, Defendant I S Technology Solutions, Inc. respectfully prays for judgment in its favor, and for any further relief as this Honorable Court deems equitable and just under the circumstances.

Respectfully submitted,

I S TECHNOLOGY SOLUTIONS INC.,

By: /s/ Christine R. Frymire
One of Its Attorneys

Thomas P. Yardley (ARDC# 6208239)
Christine R. Frymire (ARDC# 6319177)
Robbins, Salomon & Patt, Ltd.
180 North LaSalle Street, Suite 3300
Chicago, IL 60601
Phone: 312.782.9000
Fax: 312.782.6690
TYardley@rsplaw.com
CFrymire@rsplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2016, the foregoing **DEFENDANT I S TECHNOLOGY'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed electronically with the United States District Court for the Northern District of Illinois. Parties may access this filing through the court's system. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system as follows:

Wayne B. Giampietro
Poltrock & Giampietro
123 W. Madison, Suite 1300
Chicago, Illinois
wgiampietro@giampietrolaw.com

By: /s/ Christine R. Fryimre